SO ORDERED.

Dated: October 15, 2014



*Madeleine C. Wanslee*
Madeleine C. Wanslee, Bankruptcy Judge

ADAM RIETH (I.D. #028038)
1425 West Elliot Road, Suite 201
Gilbert, AZ 85233
480-222-5662
Fax: 480-222-5663
adamriethlaw@gmail.com
Attorney for the Debtor

UNITED STATES BANKRUPTCY COURT
DISTRICT OF ARIZONA

In re: ) CHAPTER 13
)
KELLY W. FULKERSON, ) NO BK 2-13-BK-07744-MCW
)
Debtor. ) STIPULATED ORDER
) CONFIRMING MODIFIED
) CHAPTER 13 PLAN

The Modified Chapter 13 Plan having been properly noticed out to creditors and any objection to confirmation having been resolved,

IT IS ORDERED confirming the Modified Plan of the Debtors as follows:

(A) **INCOME SUBMITTED TO THE PLAN.** Debtor shall submit the following amounts of future income to the Trustee for distribution under the Plan:

(1) Future Earnings or Income. Debtor shall make the following monthly Plan payments:

| Months | Amounts |
| --- | --- |
| 1-2 | $840.00 |
| 3-6 | $845.00 |
| 7-13 | $935.00 |
| 14-17 | $510.00 |
| 18-60 | $670.00 |

The Plan payments are due on or before the 8th day of each month commencing June 8, 2013. Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the

In re KELLY W. FULKERSON
Case No. 2-13-BK-07744-RJH

Plan term. Any funding shortfall must be cured before the Plan is deemed completed. This requirement is effective regardless of Plan payments, suspensions, waivers or moratoriums.

The Debtor shall provide, directly to the Trustee copies of Debtor's federal and state income tax returns for post-petition years within 15 days after filing them. The purpose is to assist the Trustee in determining any change in the Debtor's annual disposable income.

(2) Other Income: The Debtors shall provide, directly to the Trustee their net federal and state income tax refunds for the years 2013, 2014, 2015, 2016 and 2017, as supplements to the Plan. In the event that other property is submitted, it shall be treated as supplemental payments. In no event will the term of the Plan be reduced to less than 36 months unless all allowed claims are paid in full.

(B) **DURATION.** This Plan shall continue for 60 months from the first regular monthly payment described in Paragraph (A)(1) above. If at any time before the end of the Plan period all claims are paid in full, then the Plan shall terminate.

(C) **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified and paid as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. § 586(e), then the Trustee will pay creditors in the following order.

(1) Administrative Expenses:

Attorneys Fees. Adam Rieth, shall be allowed total compensation of $4,494.00. Counsel received $994.00 prior to the filing of this case and $3,000.00 when the case was confirmed on December 5, 2013. $500.00 will be paid by the Chapter 13 Trustee. This flat fee includes all the services described in section F(1) of the debtor's Chapter 13 plan except for adversary proceedings.

(2) Claims secured by Real Property.

    (a) Wells Fargo Home Mortgage, secured by a first deed of trust in the residence of Debtor, shall be paid the prepetition arrearage of $10,989.44 with 0.00 % interest. Regular post petition payments will be made directly by Debtor to the secured creditor.

    (b) Maricopa County Treasurer, secured by a statutory lien in the residence of Debtor for property taxes, shall be paid the prepetition arrearage of $-0- with 16.00 % interest. All post-petition property taxes shall be paid directly by

In re KELLY W. FULKERSON
Case No. 2-13-BK-07744-RJH

Debtor to the Maricopa County Treasurer.

(3) <u>Claims Secured by Personal Property</u>.

    (a) Desert Schools Federal Credit Union, secured by a lien in a 2007 Toyota Camry, was paid $420.00 by the Chapter 13 Trustee. This claim has now been paid in full.

(4) <u>Unsecured Priority Claims</u>.

    (a) The Arizona Department of Revenue has an unsecured priority claim for income taxes for 2012. This will be paid $61.12, the total priority claim through the Plan with no interest.

    (b) Wes Fulkerson has an unsecured priority claim for child support. He shall be paid $803.00, the total priority claim through the Plan with no interest.

(5) <u>Surrendered Property</u>. None.

(6) <u>Other provisions</u>. None.

(7) <u>Unsecured Nonpriority Claims</u>. All other claims shall be classified as unsecured and nonpriority. Such claims shall be paid pro rata the balance of the payment under the Plan and any unsecured debt balance remaining unpaid at the end of the Plan may be discharged as provided in 11 U.S.C. § 1328.

(D) **EFFECTIVE DATE AND VESTING**. The effective date of this Plan shall be the date of this Order. Property of the Estate vests in Debtor upon confirmation.

---

**ORDER SIGNED ABOVE**

---

Approved as-to Form and Content By:

_____
Edward J. Maney, Trustee

_____
Adam Rieth, Attorney for Debtor

_____
La Keshia Peters, Representative for Desert Schools Federal Credit Union

In re KELLY W. FULKERSON
Case No. 2-13-BK-07744-RJH

Debtor to the Maricopa County Treasurer.

(3) <u>Claims Secured by Personal Property</u>.

    (a) Desert Schools Federal Credit Union, secured by a lien in a 2007 Toyota Camry, was paid $420.00 by the Chapter 13 Trustee. This claim has now been paid in full.

(4) <u>Unsecured Priority Claims</u>.

    (a) The Arizona Department of Revenue has an unsecured priority claim for income taxes for 2012. This will be paid $61.12, the total priority claim through the Plan with no interest.

    (b) Wes Fulkerson has an unsecured priority claim for child support. He shall be paid $803.00, the total priority claim through the Plan with no interest.

(5) <u>Surrendered Property</u>. None.

(6) <u>Other provisions</u>. None.

(7) <u>Unsecured Nonpriority Claims</u>. All other claims shall be classified as unsecured and nonpriority. Such claims shall be paid pro rata the balance of the payment under the Plan and any unsecured debt balance remaining unpaid at the end of the Plan may be discharged as provided in 11 U.S.C. § 1328.

(D) **EFFECTIVE DATE AND VESTING.** The effective date of this Plan shall be the date of this Order. Property of the Estate vests in Debtor upon confirmation.

---

**ORDER SIGNED ABOVE**

---

Approved as to Form and Content By:

_____
Edward J. Maney, Trustee

*/s/ Adam Rieth*
Adam Rieth, Attorney for Debtor


_____, Representative for Desert Schools Federal Credit Union

In re KELLY W. FULKERSON
Case No. 2-13-BK-07744-RJH

Case 2:13-bk-07744-MCW  Doc 47  Filed 10/15/14  Entered 10/16/14 09:49:29  Desc
Main Document  Page 4 of 5

The Debtor certifies: All required State and Federal income tax returns have been filed. No domestic support obligation is owed or, if owed, such payments are current since the filing of the Petition.

*Kelly Fulkerson*
KELLY W. FULKERSON